UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RALPH NATALE, DAVID PEREZ,
DEMOS DEMOPOULOS, JEFFREY ISAACS,
KIRK CONAWAY, and ROY KOHN
as TRUSTEES OF HEALTH FUND 917,
HEALTH FUND 917, RALPH NATALE,
DAVID PEREZ, KIRK CONAWAY, and ROY
KOHN as TRUSTEEES OF THE LOCAL 917
PENSION FUND, and THE LOCAL 917
PENSION FUND,

                                Plaintiffs,

-against-

IMPARK, INC.

                                Defendant.

------------------------------------------------------------------X

COMPLAINT

CIVIL ACTION NO.: 17-CV-3163

Plaintiffs, Ralph Natale, David Perez, Demos Demopoulos, Jeffrey Isaacs, Kirk Conaway and Roy Kohn, as Trustees of the Health Fund 917 (the "Health Trustees), Health Fund 917 (the "Health Fund"), Ralph Natale, David Perez, Kirk Conaway and Roy Kohn as Trustees of the Local 917 Pension Fund (the "Pension Trustees"), and the Local 917 Pension Fund (the "Pension Fund") by their attorneys, Klein Zelman Rothermel Jacobs & Schess LLP, allege as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3), (d)(1) and (f) and §4301(a)(1) and (c) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a).

{00130654;4}

2. Venue is proper in this District pursuant to ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §1132(e)(2) and 1451(d), respectively, because the Fund is administered in Nassau County, New York.

## PARTIES

3. The Health Trustees and Pension Trustees are fiduciaries of the Health Fund and Pension Fund, respectively, as defined under ERISA Section 3(21)(A), 29 U.S.C. §1003(21)(A). The Health Fund is an "employee welfare benefit plan" and a "multiemployer plan" within the meaning of ERISA Section 3(1) and (37), 29 U.S.C. §1002(1) and (37), which is maintained for the purpose of providing health and welfare benefits to eligible participants and beneficiaries, and is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) (hereinafter "LMRA"). The Pension Fund is an "employee pension benefit plan" and a "multiemployer plan" within the meaning of section 3(2) and (37) of ERISA, 29 U.S.C. §1002(2) and (37), which is maintained for the purpose of providing retirement benefits for eligible participants and beneficiaries, and is a trust fund established and maintained pursuant to Section 302(c)(5 of the LMRA, 29 U.S.C. §186(c)(5). The Funds are qualified to commence this action pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds.

4. The Funds are administered and maintain their principal place of business at 22 North Tyson Avenue, Floral Park, New York 11001.

5. Upon information and belief Defendant Impark, Inc. (hereinafter "Impark" or the "Company") is a corporation organized under the laws of the State of Pennsylvania with its offices and principal place of business located at 510 Walnut Street, Suite 420, Philadelphia,

Pennsylvania, 19106, and an employer in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), and 1002 (5), (11), and (12).

6. At all times relevant hereto Impark was party to a series of collective bargaining agreements with Local 917, an affiliate of the International Brotherhood of Teamsters (the "Union").

7. Pursuant to the applicable collective bargaining agreements, Impark agreed to make contributions to the Funds on behalf of eligible employees.

## CAUSE OF ACTION

8. The above paragraphs are incorporated herein by reference as though duly set forth at length.

9. Pursuant to the collective bargaining agreements and by virtue of its participation in the Funds, Impark is also bound to the Agreements and Declarations of Trust establishing the Funds and the Funds' Delinquency Procedures.

10. The Trust Agreements governing the Funds provide that the Funds may audit the books and records of contributing employers in order to ensure that the correct amounts of contributions are being made to the Funds.

11. The Health Fund Trust Agreement requires the Company to produce on demand documents necessary for the Health Fund to determine the accuracy of statements and information provided by the Company on contribution forms, claim forms and other forms.

12. The Pension Fund Trust Agreement requires the Company to produce on demand documents necessary for the Pension Fund to determine that the correct number of hours paid to employees were reported properly.

13. The Delinquency Procedures governing the Funds provide that the Company "shall provide the auditors with all payroll records and information and any other records and data which will enable the Funds to determine whether or not contributions have been made as required by the applicable collective bargaining agreements and to further determine if the [Company] is in compliance with the Funds [T]rust [A]greements and rules and regulations pertaining thereto."

14. Pursuant to this right to audit, the Funds retained Steinberg, Steckler & Picciurro ("SSP"), a public accounting firm, to conduct periodic independent audit of contributing employers.

15. In September 2016, SSP contacted the Company and requested certain documents necessary to conduct an audit for the period from July 1, 2010 to December 31, 2015.

16. In March 2017, SSP advised the Company that the audit period had been expanded to cover July 1, 2010 through December 31, 2016.

17. Between September 2016 and April 2017, SSP and counsel for Plaintiffs made numerous requests for documents needed for the audit.

18. SSP has requested, among other things, the employee roster of all union employees during the applicable audit period as well as the earnings report for each employee by year, by week, with regular hours, overtime hours and other hours, such as vacation and sick, remitted.

19. The Company has failed to produce all of the requested audit documents.

20. Without the information requested, SSP is unable to complete the payroll audit on behalf of the Plaintiffs.

21. The Company's books and financial records are the only method to review whether the Company reported the correct hours and made the correct contributions for the period from July 1, 2010, to December 31, 2016.

22. The Company's financial books and records are in the exclusive control of the Company.

23. The potential hardships to the Company by an Order requiring the Company to grant the auditors access are outweighed by the Plaintiffs' interests in assuring that the Company has fulfilled its contractual and statutory obligations to the Plaintiffs.

24. There is no adequate remedy at law.

25. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter an order requiring the Company to provide the Funds' auditors access to all necessary information to complete a payroll audit of the period from July 1, 2010, through December 31 2016;

(2) Enter an order requiring the Company to schedule a time for the Plaintiffs' auditors to visit the Company premises to complete the audit no later than thirty (30) days following the date of entry of the order;

(3) Retain jurisdiction to enter judgment for any contributions found due and owing as a result of the audit;

(4) Enter judgment in favor of the Plaintiffs and against the Company for attorneys' fees and costs pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

(5) Grant any other further relief the court finds just and proper.

Dated: May 25, 2017
     New York, New York

                KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

                BY: /s/_____
                      Jane B. Jacobs (2925)
                      Jesse Grasty (5357)
                      485 Madison Avenue, 13th Floor
                      New York, New York 10022
                      (212) 935-6020
                      *Attorneys for Plaintiffs*